# IN THE COURT OF APPEALS OF IOWA

No. 24-1214
Filed January 28, 2026

**State of Iowa,**
Plaintiff–Appellee,
v.
**Cody Wess Minenga,**
Defendant–Appellant.

Appeal from the Iowa District Court for Jasper County,
The Honorable Steven J. Holwerda, Judge.

**CONVICTIONS AFFIRMED; SENTENCES VACATED AND REMANDED FOR RESENTENCING.**

Christopher A. Clausen of Clausen Law Office, Ames, attorney for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, attorneys for appellee.

Considered without oral argument
by Chicchelly, P.J., Langholz, J., and Bower, S.J.
Opinion by Chicchelly, P.J.

**CHICCHELLY, Presiding Judge.**

Cody Minenga appeals his convictions and sentences for operating while under the influence and carrying weapons while intoxicated. On appeal he argues (1) there was insufficient evidence to support his convictions, and (2) the sentencing court abused its discretion by considering his criminal history and by failing to give reasons for running Minenga's sentences consecutively. Upon our review, we affirm Minenga's convictions, but we vacate his sentences and remand for resentencing.

## BACKGROUND FACTS AND PROCEEDINGS

In June 2023, an officer with the Newton Police Department observed a speeding vehicle and stopped the vehicle after it ran a stop sign. The officer approached the vehicle and found Minenga driving. Minenga smelled of alcohol and had watery eyes and slurred speech. Suspecting Minenga was intoxicated, the officer had him exit his vehicle.

Officers administered a series of field sobriety tests to Minenga. First was the horizontal gaze nystagmus which showed Minenga exhibiting involuntary reactions consistent with having used alcohol. Second was the walk-and-turn test where Minenga was unable to walk in a straight line, falling off the path several times. Third was the one-leg-stand test which Minenga did not complete because he was unable to maintain his balance. As a result of his performance, Minenga was arrested for operating while under the influence.

When Minenga was being searched, officers found metal brass knuckles in his pocket. The arresting officer took Minenga to the Jasper County Jail and invoked implied consent to test under Iowa Code

2

section 321J.6 (2022). Minenga refused to take a breath test to determine the alcohol concentration in his system.

The State charged Minenga with operating while under the influence in violation of Iowa Code section 321J.2 and carrying weapons while intoxicated in violation of Iowa Code section 724.4C(1)(b). The matter proceeded to a jury trial where Minenga was convicted as charged. The district court sentenced Minenga to 365 days in custody on the operating while under the influence conviction and to ninety days on the weapons conviction, set to run concurrently with each other; but the court ran those sentences consecutively to a sentence in a separate case. Minenga now appeals.

## SUFFICIENCY OF EVIDENCE

Minenga challenges the sufficiency of the evidence supporting both convictions.[1] We review challenges to the sufficiency of the evidence for correction of errors at law, giving high deference to the verdict. *State v. Burns*, 988 N.W.2d 352, 370 (Iowa 2023). In doing so, "[w]e view the evidence 'in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence.'" *State v. Ortiz*, 905 N.W.2d 174, 180 (Iowa 2017) (citation omitted). "Substantial evidence exists when the evidence 'would convince a rational fact finder the defendant is

---

[1] Within his sufficiency argument, Minenga also argues that he is entitled to a new trial because the jury's verdict is contrary to the weight of the evidence. We review that claim under a different set of standards than a sufficiency-of-the-evidence challenge. *See State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016). But Minenga never filed a motion for a new trial based on the weight of the evidence in district court. So the issue is not preserved for our review. *See State v. Kucharo*, No. 22-1881, 2024 WL 2842307, at *1 n.1 (Iowa Ct. App. June 5, 2024); *State v. Kramer*, No. 16-2048, 2018 WL 346454, at *7 (Iowa Ct. App. Jan. 10, 2018).

guilty beyond a reasonable doubt.'" *State v. Buman*, 955 N.W.2d 215, 219 (Iowa 2021) (citation omitted). We discuss each conviction in turn.

## I.    Operating while Under the Influence

We first address Minenga's argument that there was insufficient evidence supporting his conviction for operating while under the influence. The jury was instructed that the State had to prove that (1) on or about June 2, 2023, Minenga operated a motor vehicle; and (2) at the time, Minenga was under the influence of alcohol, drugs, or a combination of alcohol and drugs. *See* Iowa Code § 321J.2(1)(a). The term "operate" was defined as "immediate, actual physical control over a motor vehicle that is in motion and/or has its engine running." The jury was further instructed that a person who has consumed alcohol is "under the influence" if one or more of the following is true:

> 1. His reason or mental ability has been affected.
> 2. His judgment is impaired.
> 3. His emotions are visibly excited.
> 4. He has, to any extent, lost control of bodily actions or motions.

Minenga argues there is insufficient evidence that he was intoxicated. We disagree. The arresting officer testified that Minenga "smelled of a consumed alcoholic beverage." And he observed Minenga's eyes as "watery" and his speech as "slowed, slurred, and mumbled." Additionally, officers administered field sobriety tests to Minenga. The officer testified to each indication of Minenga's intoxication, and the jury was able to observe Minenga's performance of these tests in the officer's body-worn camera footage. And the jury was instructed that they could "consider a refusal [to give a breath sample] in reaching [its] verdict." So the jury could have inferred Minenga's intoxication from his performance on the field sobriety tests, the officer's observations of him, and his refusal to consent to the

breath test. There was overwhelming evidence of Minenga's guilty, so we affirm

## II.    Carrying weapons while intoxicated

Next, Minenga argues there was insufficient evidence to support his conviction for carrying weapons while intoxicated. To prove this charge, the State had to prove (1) Minenga was under the influence of drugs and alcohol (2) at the time he carried a dangerous weapon or had a dangerous weapon in his immediate access. *See Id.* § 724.4C. He challenges the sufficiency of the evidence of each element, but we have already concluded there was sufficient evidence of Minenga's intoxication. So, we confine our discussion to the second element.

The jury was instructed:

> A "dangerous weapon" is any instrument or device designed primarily for use in inflicting death or injury upon a human or animal, and which is capable of inflicting death upon a human being when used in the manner for which it is designed.

*See* Iowa Code § 702.7. At the outset, we agree with the State that brass knuckles are "an instrument or device designed primarily for use in inflicting death or injury upon a human being or animal" as a matter of law. *See id.*; *State v. Tusing*, 344 N.W.2d 253, 254 (Iowa 1984) ("It is obvious that brass knuckles fulfill the first part of this test; unlike a revolver or a knife, which could be used for target shooting or to peel an apple, there is only one purpose for brass knuckles, and that is to inflict injury, presumably upon a human being."). So, we proceed to the second part of the dangerous weapon test.

We also find there is sufficient evidence that the brass knuckles in this case are capable of inflicting death upon a human. Our analysis is based "on the design and construction of the particular set of brass knuckles." *See id.*

5

at 254–55. But "the actual intent of the user is not the issue in deciding whether an instrument or device is dangerous." *Id*. at 255 (cleaned up). The arresting officer testified that he discovered a set of brass knuckles in Minenga's pocket. He described the brass knuckles as made of metal. And in his experience, he had encountered individuals hit by brass knuckles like those Minenga possessed who "had a severe injury that would be consistent with being struck with some sort of metal object." The jury was able to observe the brass knuckles, and based on the officer's testimony could have determined they were a dangerous weapon.

Because we find substantial evidence supports both of Minenga's convictions, we affirm.

## SENTENCING

Finally, we address Minenga's arguments regarding sentencing. He argues the district court erred when it (1) referenced his prior conviction for operating while under the influence and (2) failed to explain its reasons for running his sentences consecutive to a sentence in another matter.

First, Minenga argues the district court's reference that this was his "fourth offense lifetime" for operating while under the influence. We disagree that this amounted to an improper sentencing factor. The district court was required to consider a number of factors including "the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform." *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). Consideration of Minenga's three prior convictions for the same offense was relevant to his propensity and changes to re-offend. So, we find no abuse of discretion in the district court considering these prior

6

offenses.  *See State v. Radtke*, No. 23-2103, 2024 WL 3887239, at *2 (Iowa Ct. App. Aug. 21, 2024).

Second, Minenga argues the district court failed to explain its reasons for running his sentences consecutive to a sentence imposed in another matters.  The State concedes that the district court failed to give reasons for running the sentences consecutively.  We agree that neither the district court's explanation of reasons during sentencing nor the written sentencing orders contains an explanation for consecutive sentences.  So, we vacate Minenga's sentence and remand for resentencing.

## CONCLUSION

Because we find that Minenga's convictions were supported by substantial evidence, we affirm both his convictions.  But the district court failed to explain why it ran Minenga's sentences consecutively, so we vacate his sentences and remand for resentencing.

**CONVICTIONS AFFIRMED, SENTENCES VACATED AND REMANDED FOR RESENTENCING.**